**WO**                                                                                      KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan William Purvis, | No. CV 12-004-PHX-JAT (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

On January 3, 2012, Plaintiff Bryan William Purvis, who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a February 21, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On May 7, 2012, Plaintiff filed his First Amended Complaint. In a June 22, 2012 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On July 25, 2012, Plaintiff filed a Motion for Extension of Time to file a second amended complaint. On July 31, 2012, Plaintiff filed a Second Amended Complaint

TERMPSREF

1   (Doc. 15).  The Court will grant the Motion for Extension of Time and will accept the Second

2   Amended Complaint as timely filed.  The Court will order Defendants Bello, A7681, and

3   A8444 to answer the Second Amended Complaint and will dismiss the remaining Defendants

4   without prejudice.

5   **I.     Statutory Screening of Prisoner Complaints**

6           The Court is required to screen complaints brought by prisoners seeking relief against

7   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

8   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

9   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

10  be granted, or that seek monetary relief from a defendant who is immune from such relief.

11  28 U.S.C. § 1915A(b)(1), (2).

12          A pleading must contain a "short and plain statement of the claim *showing* that the

13  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

14  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

15  unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

16  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

17  statements, do not suffice." Id.

18          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

19  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

20  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

21  that allows the court to draw the reasonable inference that the defendant is liable for the

22  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

23  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

24  experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

25  allegations may be consistent with a constitutional claim, a court must assess whether there

26  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

27          But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

28  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.    Second Amended Complaint**

In his one-count Second Amended Complaint, Plaintiff sues the following Maricopa County Detention Officers:  Sergeants A7681, A8444, and Scott; Lieutenant W.S. Whitcombe; and Officer Bello.

Plaintiff claims that while housed at the Maricopa County Jail, the conditions of his confinement violated his Eighth Amendment rights.  Specifically, Plaintiff claims that he: was housed in an unsanitary cell where feces and urine were on the floor and walls; was not provided daily outdoor recreation; did not receive daily showers; and did not have regular access to cleaning supplies.  Plaintiff alleges that as a result of the unsanitary conditions, he contracted a "fungus type rash on [his] body along with severe psychological damage."

Plaintiff claims that after being escorted to the unsanitary cell, he attempted to refuse the cell, but that he was "shut down" by the detention officer who demanded that Plaintiff step into the cell and then closed the door behind Plaintiff.

Plaintiff alleges that he later attracted the attention of Defendant Bello, showed the unsanitary conditions to Defendant Bello, and requested that his cell be cleaned or that he be moved to another cell.  Plaintiff claims that Defendant Bello "failed to take the necessary steps . . . to deliver [his] verbal legitimate complaint to a fellow officer or superior officer who is able to remedy the situation."

With respect to Defendant A7681, Plaintiff claims that he informed him of the conditions in his cell and requested a cell change.  Plaintiff alleges that Defendant A7681 ignored his complaint. Plaintiff claims that he waited two days for cleaning supplies and that when the time came for his "hour out," the cleaning supplies were not available.

Plaintiff further claims that he complained to Defendant A8444 about the unsanitary conditions of his cell, the lack of daily showers, and the fact that he did not receive one hour of recreation four days per week.  Plaintiff claims that Defendant A8444 did nothing.

1    With respect to Defendant Scott, Plaintiff alleges that he brought his complaint to

2    Defendant Scott who told Plaintiff that he would "tell the officer who worked the house to

3    give [Plaintiff] chemicals and gloves to clean the cell, followed by a shower."  Plaintiff

4    claims that Defendant Scott made no comment about Plaintiff's other issues and that Plaintiff

5    was not provided with cleaning supplies.

6    Finally, Plaintiff claims that Defendant Bello explained Plaintiff's ongoing problems

7    to Defendant Whitcombe and that Defendant Whitcombe simply told Plaintiff, through

8    Defendant Bello, to take the matter up with a grievance officer.

9    Plaintiff seeks injunctive relief and money damages.

10   **III.    Failure to State a Claim**

11       **A.    Daily Showers and Outdoor Recreation**

12       A pretrial detainee's claim for unconstitutional conditions of confinement arises from

13   the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment

14   prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520, 535 and

15   n.16 (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant

16   acted with deliberate indifference.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

17       Deliberate indifference is a higher standard than negligence or lack of ordinary due

18   care for the prisoner's safety.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  To state a claim

19   of deliberate indifference, plaintiffs must meet a two-part test.   First, the alleged

20   constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or

21   omission must result in the denial of "the minimal civilized measure of life's necessities."

22   Id. at 834.  Second, the prison official must have a "sufficiently culpable state of mind," i.e.,

23   he must act with deliberate indifference to inmate health or safety.  Id.  In defining

24   "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

25   "the official must both be aware of facts from which the inference could be drawn that a

26   substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837

27   (emphasis added).

28

1    Plaintiff has not demonstrated that the denial of daily showers was sufficiently serious
2    to rise to the level of a constitutional violation.  See Davenport v. Derobertis, 844 F. 2d 1310,
3    1316 (7th Cir. 1988) (finding three showers per week did not violate an inmate's
4    constitutional right and noting "the importance of the daily shower to the average American
5    is cultrual rather than hygienic.").

6    Similarly, Plaintiff has failed to allege facts showing that the denial of outdoor
7    recreation in his case rises to the level of a constitutional violation.  Although Plaintiff has
8    a right to outdoor recreation, he does not allege that he was denied all outdoor recreation; he
9    claims only that he was denied a recreation schedule of one hour per day, four days per week.
10   Because Plaintiff has not described whether he received any outdoor recreation, and if so,
11   how much, he has failed to state a claim.  The Court will dismiss Plaintiff's claims regarding
12   daily showers and outdoor recreation.

13        **B.    Defendant Scott**

14   Plaintiff claims that after informing Defendant Scott of the conditions of his cell,
15   Defendant Scott stated that he would order the housing officer to provide Plaintiff with
16   cleaning supplies, but that Plaintiff never received the supplies.

17   Plaintiff has not demonstrated that Defendant Scott was deliberately indifferent to the
18   conditions of Plaintiff's cell.  At best, Plaintiff has demonstrated that Defendant Scott was
19   negligent in failing to ensure Plaintiff received cleaning supplies from the housing officer.
20   Negligence is not sufficient to state a claim under § 1983.  Daniels v. Williams, 474 U.S.
21   327, 328 (1986) ("[T]he Due Process Clause [of the Fourteenth Amendment] is simply not
22   implicated by a negligent act of an official causing unintended loss or injury to life, liberty,
23   or property.").  The Court will dismiss Defendant Scott.

24        **C.    Defendant Whitcombe**

25   Plaintiff has also failed to allege facts demonstrating Defendant Whitcombe was
26   deliberately indifferent to the conditions of Plaintiff's confinement.

27   Plaintiff's allegations against Defendant Whitcombe fail to state a claim. Plaintiff did
28   not personally speak to Defendant Whitcombe or direct his complaints in writing to

Defendant Whitcombe.  Although Plaintiff claims Defendant Bello spoke with Defendant Whitcombe, Plaintiff has no personal knowledge of whether this happened or precisely what information Defendant Bello may have communicated to Defendant Whitcombe. Accordingly, Plaintiff's facts fail to demonstrate that Defendant Whitcombe had actual knowledge of the conditions of Plaintiff's confinement.  The Court will dismiss Plaintiff's claims against Defendant Whitcombe.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated Eighth Amendment conditions of confinement claims against Defendants Bello, A7681, and A8444, with respect to the conditions of Plaintiff's cell and lack of cleaning supplies.  The Court will require these Defendants to answer the Second Amended Complaint.

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plainitff's Motion for Extension of Time (Doc. 14) is **granted**; the Clerk of Court **must file** the Second Amended Complaint.

(2)    Plaintiff's claims regarding daily showers and outdoor recreation are **dismissed** without prejudice.

(3)    Defendants Scott and Whitcombe are **dismissed** without prejudice.

(4)    Defendants Bello, A7681, and A8444 must answer the Second Amended Complaint.

(5)    The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (lodged at Doc. 15), this Order, and both summons and request for waiver forms for Defendants Bello, A7681, and A8444.

(6)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8)    The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(9)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

> (a)    personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

> (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)    **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)    Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . .

. . .

1         (13)    This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

2  72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

3  under 28 U.S.C. § 636(b)(1).

4         DATED this 26th day of September, 2012.

```
                        James A. Teilborg
                  United States District Judge
```